MEMORANDUM **
Achmad Karim and his wife, natives and citizens of Indonesia, petition for review of a Board of Immigration Appeals’ order dismissing them appeal from an immigration judge’s (“LJ”) decision denying then-application for asylum, withholding of re *964 moval, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.
Substantial evidence supports the IJ’s finding that Karim failed to establish that his experiences in Indonesia rose to the level of persecution, see Nagoulko v. INS, 333 F.3d 1012, 1016-17 (9th Cir.2003), and the IJ’s finding that Karim failed to establish he was harmed by persons that the government is unable or unwilling to control, see Castro-Perez v. Gonzales, 409 F.3d 1069, 1072 (9th Cir.2005). In addition, even as a member of a disfavored group, Karim did not demonstrate a well-founded fear of future persecution because he failed to show sufficient individualized risk of persecution. Cf. Sael v. Ashcroft, 386 F.3d 922, 927-28 (9th Cir.2004). Furthermore, Karim has numerous similarly-situated family members who remain in Indonesia without harm. See Hakeem v. INS, 273 F.3d 812, 816 (9th Cir.2001) (fear of persecution is undercut where similarly-situated family remain without harm). Accordingly, Karim’s asylum claim fails.
Because Karim did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Karim does not raise any challenge to the IJ’s denial of CAT relief. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.